IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM R. ELLIS,                )
                                 )
         Plaintiff,              )
                                 )
v.                               )      CASE NO.: 2:16-cv-923-GMB
                                 )      [WO]
NANCY A. BERRYHILL, Acting       )
Commissioner of Social Security, )
                                 )
         Defendant.              )

**MEMORANDUM OPINION AND ORDER**

Plaintiff William R. Ellis filed this action on November 29, 2016, seeking judicial

review of a final adverse decision of the Commissioner of Social Security denying his

application for a period of disability and disability insurance benefits under Title II of the

Social Security Act. Doc. 1. Ellis applied for disability benefits with an alleged disability

onset date of April 14, 2013. His application was denied at the initial administrative level.

Ellis then requested and received a hearing before an Administrative Law Judge ("ALJ")

on March 2, 2015. Following the hearing, the ALJ denied Ellis' claim on July 14, 2015.

The Appeals Council rejected a request for review making the ALJ's decision the final

decision of the Commissioner of Social Security (the "Commissioner").[1]

With briefing complete, this case is now ripe for review pursuant to 42 U.S.C.

§ 405(g). The parties have consented to the entry of a final judgment by the undersigned

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No.
103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social
Security matters were transferred to the Commissioner of Social Security.

United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 10 & 11. Based upon a review of the evidentiary record, the parties' briefs, and the applicable legal authority, the court finds that the Commissioner's decision is due to be REVERSED and REMANDED, as set forth below.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of

the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Ellis bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. DISCUSSION

### A. Facts

Ellis was 26 years old on the alleged disability onset date. He has a high school education and one year of college-level education in criminal justice. He served in the Marine Corps for five years and has past relevant work experience as a sales clerk and laborer.

Ellis filed for disability benefits due to post-traumatic stress disorder ("PTSD"), major depressive disorder with psychotic symptoms, and traumatic brain injury ("TBI").

The ALJ held an administrative hearing on March 2, 2015. Following that hearing, the ALJ found that Ellis suffers from the severe impairments of headaches and major depressive disorder with psychotic symptoms, but that none of those impairments or a combination of those impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).[2] The ALJ further determined that Ellis could not perform his past work but that he has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he is

> limited to work which allows a sit/stand option, to be exercised every 60 minutes. He can occasionally use his upper and lower extremities for pushing and/or pulling movements. He can occasionally stoop, balance, kneel, crouch, and crawl. He can never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to extreme cold, heat, wetness and humidity. He should avoid all exposure to vibrations and noise. He should avoid concentrated exposure to fumes, odors, dust, and gases. He should avoid all exposure to unprotected heights, dangerous machinery, and uneven surfaces. He will have 1–2 unplanned absences per month. The undersigned further finds that the claimant is limited to unskilled, low stress work involving only simple work related decisions and that ether [sic] should be no work at a fixed production rate. He can occasionally interact with the general public, supervisors and coworkers. He can work where he is not in close proximity to others to avoid being easily distracted.

Doc. 15-2. Ultimately, the ALJ concluded that Ellis was not disabled under the Social Security Act and denied his claim. Doc. 15-2. Ellis timely appealed that decision to this court.

**B.     Issue Presented**

Ellis presents a single issue for the court's review—whether the ALJ's decision

---

[2] The ALJ also found that Ellis suffers from the non-severe impairments of PTSD and TBI. Doc. 15-2.

denying Ellis benefits applied proper legal standards and is supported by substantial evidence.[3] Doc. 13. The Commissioner argues that the ALJ's decision was based on substantial evidence and should be affirmed. Doc. 14. After careful consideration of the parties' arguments, the applicable legal authority, and the record as a whole, the court concludes that the Commissioner's decision is due to be REVERSED and REMANDED, as explained below.

## C. Analysis

The crux of Ellis' argument is that the ALJ erred by not articulating the weight he gave to the opinion of Dr. Guendalina Ravello, a state agency psychologist, when determining his RFC. Doc. 13. RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC, *see* 20 C.F.R. § 404.1546(c), and in making this determination, the ALJ must consider all the relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(3); *D'Orazio v. Comm'r of Soc. Sec.*, 2017 WL 2122960, at *2 (M.D. Fla. Apr. 24, 2017).

"The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the

---

[3] This is the "issue presented" by Ellis in his brief. Any other issue not raised by Ellis before this court is deemed waived. *See Dial v. Berryhill*, 2017 WL 459859, at *3 (M.D. Ala. Feb. 2, 2017) (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived)).

medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization." *D'Orazio*, 2017 WL 2122960, at *2 (citing 20 C.F.R. § 404.1527(c)). Generally, a treating physician's opinion must be given substantial or considerable weight unless there is good cause to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The ALJ must also articulate the weight assigned to each medical opinion and the reasons for assigning a particular weight to a medical opinion. *Id.* "The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence." *D'Orazio*, 2017 WL 2122960, at *3 (citing *Winschel*, 631 F.3d at 1179).

Ellis is not challenging the ALJ's physical RFC determination. Rather, he is challenging the ALJ's mental RFC determination, arguing that the ALJ erred when he failed to state what weight he gave to Dr. Ravello's opinion on his mental abilities and limitations and the reasons for doing so. Dr. Ravello's opinion on Ellis' mental RFC is arguably more restrictive than the ALJ's opinion since Dr. Ravello opined that Ellis will experience conflict with his coworkers approximately 20 percent of the time, or four working days[4] per month, while the ALJ's RFC finding allows for only one to two absences

---

[4] In his brief, Ellis argues that Dr. Ravello's opinion that he would experience conflict with his co-workers 20 percent of the month means that "[i]f 100% of the month is represented by 20 work days, then 2 work days per month would be impacted by conflicts." Doc. 13 at 7. However, if 100 percent of the month is represented by 20 work days, which the court assumes for purposes of this calculation, then 20 percent of the month would amount to four workdays, not two. The court notes this miscalculation only because the difference between two affected workdays, which is accounted for in the ALJ's RFC determination, and

per month. Ellis thus contends that it was error for the ALJ not to state what weight he gave to Dr. Ravello's arguably more restrictive RFC determination and why. *Compare* Doc. 15-2 at 24, *with* Doc. 15-3 at 95. This is particularly true when, as Ellis points out, the ALJ not only assigned substantial weight to the opinion of Dr. Warren Brantley, a consultative psychologist who did not specifically opine about Ellis' potential absenteeism or the frequency of workplace conflicts, but he also failed to state and to explain the weight he assigned to any other medical opinion in the record.

The court finds that the ALJ did err when he failed to articulate the weight he assigned to Dr. Ravello's opinion and his reasons for doing so. "Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability." *McCall v. Berryhill*, 2017 WL 710054, at *3 (M.D. Ala. Feb. 22, 2017). "The Eleventh Circuit has explained in *Winschel v. Commissioner of Social Security*, 631 F.3d 1178 (11th Cir. 2011), that whenever a physician or psychologist offers a statement reflecting judgments about the nature and severity of a claimant's impairment—including symptoms, diagnosis, and prognosis, what the claimant can still do despite her impairments, and the claimant's physical and mental restrictions—the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons for doing so." *Id.* "In the absence of such a statement, it is impossible for a reviewing court to determine whether

---

four workdays, which is not, is an important discrepancy when determining whether the ALJ erred in not articulating the weight assigned to Dr. Ravello's opinion and, if so, whether that error was harmless.

the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (internal quotation marks omitted). Here, there is no question that the ALJ did not articulate in any way, much less "with particularity," the weight he assigned to Dr. Ravello's opinion and his reasons for doing so. Nor did he engage in the same type of required analysis with respect to any other medical opinion in the record besides Dr. Brantley's.[5] According to the law in this circuit, this was error by the ALJ mandating reversal.

The Commissioner does not meaningfully dispute Ellis' argument that the ALJ should have, but did not, articulate what weight, if any, he gave to Dr. Ravello's opinion and why. Rather, the Commissioner argues that the ALJ's decision should be affirmed because his RFC finding was supported by substantial evidence and because any error resulting from his failure to explain the weight assigned to Dr. Ravello's opinion was harmless since he accounted for her limitations in his RFC finding. These arguments are unavailing. To begin, absent a clearly articulated explanation from the ALJ as to what weight he assigned to Dr. Ravello's opinion and why, the court cannot determine whether the ALJ's findings on Ellis' mental RFC were rational and supported by substantial evidence without having to speculate on how the ALJ viewed and treated the medical opinions in this case.

And the court would have to engage in further speculation for it to find that any

_____

[5] Although the ALJ dedicated more than four single-spaced pages of his 13-page decision to summarizing Ellis' detailed medical records, he articulated the weight he assigned to only one of the medical opinions in the record, Dr. Brantley's.

error caused by the ALJ's failure to state the weight given to Dr. Ravello's opinion was harmless. This is because, contrary to the Commissioner's assertions, it is unclear from the record whether all of the limitations contained in Dr. Ravello's opinion are accounted for in the ALJ's RFC determination. While Dr. Ravello opined that Ellis would have conflicts with coworkers approximately four workdays per month, it unclear whether this limitation equates to absences from work for four days per month, or simply that Ellis will experience conflicts with coworkers without affecting his overall attendance. If Dr. Ravello's opinion is that Ellis' mental limitations will cause him to be absent 20 percent of the time, or 4 workdays per month, than her limitations are more restrictive than those contained in the ALJ's RFC determination and arguably preclude employment based on the vocational expert's testimony. To the extent Dr. Ravello's limitations are more restrictive, the ALJ should have clearly explained why he rejected them in his decision. For all of these reasons, the court cannot conclude that the ALJ's RFC finding was supported by substantial evidence or that any error was harmless.

Finally, even the ALJ did not err by failing to articulate the weight he assigned to Dr. Ravello's opinion, he erred by failing to adequately explain and articulate specific facts that support his decision to discount the credibility of Ellis' testimony. The ALJ concluded that Ellis' allegations and contentions regarding the nature and severity of the impairment-related symptoms and functional limitations were "only partially credible." Doc. 15-2 at 31. The ALJ explained this finding with the following two sentences:

> The claimant's allegations and contentions regarding the nature and severity of the impairment-related symptoms and functional limitations are found to be only partially credible. While the allegations regarding the nature of these

symptoms are found to be related functional restrictions, are not fully supported. The findings specified within this residual functional capacity assessment are consistent with the appropriate medical findings and the overall evidence in the file.

Doc. 15-2 at 31. This explanation is not coherent and fails to articulate any facts, much less specific facts, in the record evidence that support the ALJ's credibility determination. *See Bailey v. Comm'r of Soc. Sec.*, 2017 WL 3638457, at *3 (M.D. Fla. July 10, 2017). From this brief and disjointed explanation, the court cannot conclude whether the ALJ's credibility fining is actually "consistent with the appropriate medical findings and the overall evidence in the file." Indeed, this explanation prevents the court from conducting a meaningful review of the ALJ's credibility determination. Therefore, the ALJ's decision must be revsered. *See id.*

## IV. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons stated above, the decision of the Commissioner is REVERSED and REMANDED for additional proceedings consistent with this opinion. Specifically, on remand, the ALJ is ORDERED to (1) reevaluate the medical opinions in the record and provide specific explanations of the weight assigned to each medical opinion and the reasons for doing so; (2) reevaluate Ellis' RFC in light of the reevaluated medical opinions and, if necessary, reassess steps four and five of the sequential evaluation process; and (3) reevaluate Ellis' credibility and, to the extent his credibility is discounted to any extent, provide a coherent explanation for this decision that is supported by specific facts in the record.

A final judgment will be entered separately.

DONE this 7th day of March, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE